IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ROSCOE LEWIS HOLLOWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:03-CV-995-MHT |
| | ) | |
| SGT. NELL WRIGHT, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Roscoe Lewis Holloway ["Holloway"], a state inmate, asserts that the defendants subjected him to cruel and unusual punishment during his confinement in the Chambers County Detention Facility when they forced him to remain in a cell which contained the blood of another inmate.  Holloway names Nell Wright, Thomas Corley, Tony Meadows and Tommy Spradlin as defendants in this cause of action.  He seeks monetary damages and injunctive relief.

The properly served defendants filed a special report and supporting evidentiary materials refuting the plaintiff's claims for relief.  In accordance with the instructions contained in the order entered on December 10, 2003 (Court Doc. No. 9), the court deems it appropriate to treat this report as a motion for summary judgment.  Thus, this case is now pending on the defendants' motion for summary judgment.  Upon consideration of such motion, the evidentiary materials filed in support thereof and the plaintiff's response in opposition to the motion, the court concludes that the defendants' motion for summary

judgment is due to be granted.

## I.  FACTS AND ALLEGATIONS

On August 5, 2003, in the dayroom area of the Chambers County Detention Facility, a physical altercation occurred between inmates Zyrell Horton and Key Barrow.  Barrow suffered an injury to his nose which caused him to bleed.  Barrow fled to his cell, a cell which he shared with Holloway, and leaned over the sink.

Upon noticing the nature of the altercation, defendant Meadows called for assistance from other correctional officers and proceeded to Barrow's cell.  *Defendants' Exhibit 6 - Affidavit of Tony Meadows* at 2.  Defendants Corley and Spradlin responded to Meadows' request for assistance.  *Id*.  Meadows removed Barrow from the cell, placed him in handcuffs and transported him to the multi-purpose room for medical treatment.  *Id*.  As Meadows removed Barrow from his cell, he observed Holloway on the bed.  *Id*.  Holloway mentioned "the blood in the cell" to Meadows and Meadows advised that "it would be taken care of shortly."  *Id*. at 3.  Meadows "noticed some bloody water in the sink [but] did not observe blood on the floor, the beds or on the Plaintiff. . . .  [T]here was blood nowhere near the Plaintiff as he was on the bed in his cell. . . .  At no time did the Plaintiff have to come in contact with the blood in his cell . . ."  *Id*. at 2-3.  At this time, defendant Wright arrived and, due to security concerns, ordered a lockdown of the cell block.  *Defendants' Exhibit 8 - Affidavit of Nell Wright* at 2.  Wright "did not notice large amounts of blood on the floor or in the cell block."  *Id*.  The evidentiary materials submitted by the parties

indicate that the lockdown lasted anywhere from 10 to 15 minutes.

During the lockdown, defendant Spradlin "observed . . . Roscoe Holloway . . . in the cell where the bleeding inmate had been [and] observed blood on the commode and in the sink, which was stopped up and contained some bloody water. . . .  Sergeant Wright retrieved plungers and drain cleanser and [Spradlin] retrieved a mop bucket and disinfectant in order to clean the cell and the cell block, although [Spradlin] did not observe blood in the cell block area." *Defendants' Exhibit 7 - Affidavit of Felton Thomas Spradlin* at 2. Spradlin began to clean Holloway's cell "within minutes of the altercation" at which time "the lockdown had been lifted" allowing inmates to freely roam the cell block. *Id*.  "While cleaning the cell, [Holloway] complained . . . about having to eat his lunch in a cell with blood in it. . . . [H]owever, [at this time] Spradlin [observed] that blood was only in the sink and on the toilet, not all over the cell.  In fact, blood was nowhere near the Plaintiff . . . nor did the Plaintiff have any blood on him." *Id*.  Based on his observations, Spradlin cleaned "the toilet area in the cell, . . . the sink and commode and mopped the dayroom floor." *Id*.

Holloway complains that "for approximately 15 minutes" the defendants forced him to remain in a cell "which may have been contaminated from the blood of [another] inmate." *Plaintiff's Affidavit in Response to the Defendants' Special Report* at 3. Specifically, Holloway argues that the defendants acted with deliberate indifference to his safety by exposing him to another inmate's blood knowing of the risks associated with such

exposure. *Id.*

The defendants deny that they acted with deliberate indifference to Holloway's safety. In support of this assertion, the defendants maintain that they enforced a lockdown of the cell block as a security precaution and that the lockdown lasted only until the inmates engaged in the altercation had been removed from the area, a time frame which consisted of a few minutes. It is also undisputed that after securing the cellblock the defendants undertook immediate measures to clean and sterilize Holloway's cell. The defendants further contend that they had no knowledge of any immediate risk of danger to Holloway because he had no reason to come into contact with inmate Barrow's blood, he did not complain to them or demonstrate that he had come into contact with the blood, nor did they observe any blood on Holloway's person. The defendants therefore argue that based on their observations of the scene and Holloway they did not have any reason to believe Holloway faced a substantial risk of harm during the short period of time he remained in his cell during lockdown.

## II. LACK OF SERVICE ON THOMAS CORLEY

In his complaint, Holloway names Thomas Corley as a defendant. Although the court attempted service on Corley, service was not perfected on this individual. The court entered an order informing Holloway of the failure to perfect service on Corley, advising him of his responsibility to provide the court with a correct address for service, and cautioning him that the failure to perfect service would result in the dismissal of his claims

4

against any defendant on whom service was not perfected.  *Order of October 23, 2003 - Court Doc. No. 6*.

Under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice....  [I]f the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."  When a plaintiff fails to perfect service of process within the 120-day period, dismissal is mandatory unless the plaintiff can show good cause or establish sufficient grounds for an extension of this time period.  *Schnabel v. Wells,* 922 F.2d 726, 728 (11th Cir.1991) (interpreting the 120-day period as it appeared in Rule 4(j), *Federal Rules of Civil Procedure*, the predecessor to Rule 4(m), *Federal Rules of Civil Procedure*); *In re Cooper,* 971 F.2d 640, 641 (11th Cir.1992) (Absent a showing of good cause, a district court has no discretion to salvage an action in the event of a violation of Rule 4(m)); *Horenkamp v. Van Winkle & Co.,* 402 F.3d 1129, 1132 (11th Cir.2005) (A court may grant an extension to serve process for either "good cause" or another sufficient ground).  "[C]ourts have found 'good cause' under Rule 4[m] only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Prisco v. Frank,* 929 F.2d 603, 604 (11th Cir.1991).

The time allowed for perfecting service of process on Thomas Corley expired on January 30, 2004. Holloway acknowledges the lack of service on Corley and the requisite dismissal of Corley from this cause of action. *Plaintiff's Affidavit in Response to the Special Report* at 2. He fails to allege the existence of good cause warranting an extension of the time for service. Consequently, Holloway's claims against Thomas Corley are subject to dismissal without prejudice as service has not been perfected on Corley within the 120-day period required by Rule 4(m).

### III.  STANDARD OF REVIEW[1]

To survive the properly supported motion for summary judgment filed by the defendants, Holloway is required to produce some evidence which would be admissible at trial supporting his constitutional claims. Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To meet this standard, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576 -1577 (11th Cir. 1990). A

---

[1]The record demonstrates that the actions about which Holloway complains occurred during his incarceration in the Chambers County Detention Facility as a pre-trial detainee. Thus, the Fourteenth Amendment rather than the Eighth Amendment provides the appropriate standard for assessing whether conditions of confinement are violative of the Constitution. *Bell v. Wolfish*, 441 U.S. 520 (1979). However, for analytical purposes there is no meaningful difference between the analysis required by the Fourteenth Amendment and that required by the Eighth Amendment. *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985).

plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Thus, when a plaintiff fails to make a showing adequate to establish the existence of an element essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987); *Wright v. Southland Corp.,* 187 F.3d 1287 (11th Cir. 1999); *Pritchard v. Southern Co. Servs.,* 92 F.3d 1130, 1135 (11th Cir. 1996); *McMillian v. Johnson,* 88 F.3d 1573, 1584-1585 (11th Cir. 1996). Summary judgment is therefore appropriate when the pleadings, admissible evidentiary materials and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), *Federal Rules of Civil Procedure*; *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir.1990).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact.

*Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  In this case, Holloway has failed to demonstrate that there is a genuine issue of material fact in order to preclude summary judgment.

## IV.  DISCUSSION

The Constitution proscribes those conditions of confinement which involve the wanton and unnecessary infliction of pain.  *Rhodes v. Chapman*, 452 U.S. 337 (1981). Only actions which deny inmates "the minimal civilized measure of life's necessities" are grave enough to establish constitutional violations.  *Id.* at 347; *see also Wilson v. Seiter*, 501 U.S. 294 (1991).  Moreover, officials responsible for prison inmates may be held liable under the Fourteenth Amendment for acting with "deliberate indifference" to an inmate's safety when the official knows that the inmate faces "a substantial risk of serious harm" and with such knowledge disregards that risk by failing to take reasonable measures to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  However, a constitutional violation occurs only when a plaintiff establishes the existence of "a substantial risk of serious harm, of which the official is subjectively aware,  . . . and [that] the official does not respond[] reasonably to the risk'...."  *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001)(en banc), *quoting Farmer*, 511 U.S. at 844.  Thus, in order to survive summary judgment on the deliberated indifference claim, Holloway is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation."  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer,* 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter,* 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991).... [T]he prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists--and the prison official must also "draw that inference." *Farmer,* 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003).

Under the undisputed facts of this case, the actions about which Holloway complains do not allege a sufficiently grave deprivation so as to rise to the level of cruel and unusual punishment. The defendants are therefore entitled to summary judgment on this claim. With respect to Holloway's assertion that the defendants acted with deliberate indifference to his safety, Holloway is likewise entitled to no relief.

The pleadings filed by the parties demonstrate that security concerns necessitated a lockdown of Holloway's cellblock. Holloway, by his own admission, remained in his cell during the lockdown "for approximately 15 minutes." *Plaintiff's Affidavit in Response to the Defendants' Special Report* at 3. It is undisputed that upon securing the cellblock the defendants acted immediately to clean and sterilize the areas in which Barrow had bled. Additionally, the evidentiary materials submitted by the defendants establish that they had no knowledge or reason to believe that Holloway had come into contact with Barrow's blood. The evidence before this court further establishes that the defendants acted in a reasonable manner when addressing the security concerns associated with the physical

altercation and the aftermath of such altercation.

The record is completely devoid of any evidence that the defendants had knowledge of specific facts from which an inference could be drawn that a substantial risk of harm existed to Holloway, that the defendants actually drew this inference and thereafter ignored this risk. There is nothing before the court to demonstrate that the circumstances under which Holloway found himself occurred due to any deliberate indifference or reckless disregard by the defendants with respect to Holloway's safety. Holloway has therefore failed to establish the requisite element of subjective awareness on the part of the defendants. *Carter*, 352 F.3d at 1350. Consequently, summary judgment is due to be granted in favor of the defendants.

## V.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against Thomas Corley be dismissed without prejudice for lack of service in accordance with the provisions of Rule 4(m), *Federal Rules of Civil Procedure*.

2. The motion for summary judgment filed by defendants Wright, Meadows and Spradlin be granted.

3. The plaintiff's claims against defendants Wright, Meadows and Spradlin be dismissed with prejudice.

4. Judgment be entered in favor of defendants Wright, Meadows and Spradlin.

5.  The costs of this proceeding be taxed against the plaintiff.

6.  This case be dismissed.

It is further

ORDERED that on or before March 14, 2006 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

DONE, this 28th day of February, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE